IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE HERNANDEZ,

       Plaintiff,                    No. 2:11-cv-2658 EFB P

     vs.

BARRON, et al.,

       Defendants.            <u>ORDER</u>

                              /

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1  In order to avoid dismissal for failure to state a claim a complaint must contain more than 2 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause 3 of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, 4 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory 5 statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6  Furthermore, a claim upon which the court can grant relief has facial plausibility. 7 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual 8 content that allows the court to draw the reasonable inference that the defendant is liable for the 9 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a 10 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.* 11 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to 12 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal 14 Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain 15 statement of the claim showing that the pleader is entitled to relief, in order to give the defendant 16 fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 17 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18  In the amended complaint, plaintiff alleges that defendant Barron deprived plaintiff of his 19 mattress for fifteen days after plaintiff exhibited disruptive behavior.  According to an 20 attachment to the complaint, the disruptive behavior consisted of plaintiff covering his cell 21 windows with paper, barricading the food port with his mattress, and refusing staff orders. 22 However, plaintiff alleges that he did not barricade the food port with his mattress.  Plaintiff 23 claims that without the mattress, he had problems sleeping, and experienced neck and spine pain.

24  In its initial screening order the court informed plaintiff that his allegations failed to state 25 a cognizable claim.  Specifically, the court informed plaintiff of the following:

26  ////

> The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Dckt. No. 5 at 4. Plaintiff's amended complaint does not cure the deficiencies identified in the court's initial screening order, as it does not include facts demonstrating that he suffered an "extreme deprivation" or that defendant Barron "knew of and disregarded a substantial risk of serious harm" to plaintiff. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society").

   Here, plaintiff claims to have experienced a hard time sleeping, along with back and neck pain, as a result of not having a mattress for two weeks. He claims further, that defendant Barron took the mattress away because of his belief that plaintiff had covered his cell windows with paper, barricaded the food port with his mattress, and refused orders. These particular allegations fail to demonstrate conditions so egregious as to constitute a violation of plaintiff's Eighth Amendment rights. *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) ("Eighth Amendment proscribes the unnecessary and wanton infliction of pain, which includes those sanctions that are so totally without penological justification that it results in the gratuitous infliction of suffering). Plaintiff's allegations do not show that he was deprived of basic human needs or made to suffer serious harm. Nor do they show that defendant Barron recklessly disregarded a substantial risk of harm to plaintiff by temporarily depriving plaintiff of his mattress. Thus, the amended complaint must be dismissed for failure to state an Eighth Amendment claim for cruel and unusual punishment. *See Richmond v. Settles*, 450 Fed. Appx.

1  448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment."); *Alfred v. Bryant*, 378 Fed. Appx. 977, 980 (11th Cir. 2010) ("Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency.").

Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, the court will dismiss the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed for failure to state a claim and the Clerk is directed to close this case.

Dated: July 17, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE